UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
CAROL MILES o/b/o J.M.,                          :

                  Plaintiff,              :          <u>MEMORANDUM OPINION</u>
     -v.-
                            :          09 Civ. 10296 (GWG)
MICHAEL J. ASTRUE,
Commissioner of Social Security,               :

                Defendant.               :
---------------------------------------------------------------X

**GABRIEL W. GORENSTEIN, UNITED STATES MAGISTRATE JUDGE**

Plaintiff Carol Miles brought this action pursuant to section 205(g) of the Social Security

Act (the "Act"), 42 U.S.C. § 405(g), to obtain judicial review of the final decision of the

Commissioner of Social Security (the "Commissioner") denying her son's claim for

supplemental security income ("SSI") benefits.  The parties consented to have this matter

decided by a United States Magistrate Judge pursuant to 28 U.S.C. § 636(c).  In an Opinion and

Order dated April 8, 2011, the Court remanded the case for the calculation of benefits.  <u>See</u>

<u>Miles ex rel. J.M. v. Astrue</u>, 775 F. Supp. 2d 715 (S.D.N.Y. 2011).

Plaintiff has now made an application for attorney's fees under the Equal Access to

Justice Act ("EAJA"), 28 U.S.C. § 2412(d)(1)(A).  That statute provides in pertinent part that:

> a court shall award to a prevailing party other than the United States fees and
> other expenses . . . incurred by that party in any civil action (other than cases
> sounding in tort) . . . unless the court finds that the position of the United States
> was substantially justified or that special circumstances make an award unjust.

As the Second Circuit has summarized:

> The Commissioner bears the burden of showing that his position was
> "substantially justified," which the Supreme Court has construed to mean
> "justified to a degree that could satisfy a reasonable person." <u>Pierce v.</u>
> <u>Underwood</u>, 487 U.S. 552, 565, 108 S. Ct. 2541, 101 L. Ed. 2d 490 (1988).  To
> make this showing, the Commissioner must demonstrate that his position had a

Copies sent to:

Michael Dougherty Hampden
Partnership for Children's Rights
271 Madison Avenue, 17th Floor
New York , NY 10016

Susan D. Baird
Assistant United States Attorney
86 Chambers Street, 3rd Floor
New York, NY 10007

"reasonable basis both in law and fact." Id. at 563, 108 S. Ct. 2541 (internal
quotation marks omitted); see Vacchio v. Ashcroft, 404 F.3d 663, 674 (2d Cir.
2005).

Ericksson v. Commissioner of Social Security, 557 F.3d 79, 81-82 (2d Cir. 2009).  See also

Gomez-Beleno v. Holder, 644 F.3d 139, 145 (2d Cir. 2011) ("A position is substantially justified

if it is 'justified in substance or in the main—that is, justified to a degree that could satisfy a

reasonable person.'") (quoting Commissioner, I.N.S. v. Jean, 496 U.S. 154, 158 n. 6 (1990)).

The Supreme Court has made clear that the Commissioner's position "can be justified even

though it is not correct, and . . . it can be substantially (i.e., for the most part) justified if a

reasonable person could think it correct." Pierce, 487 U.S. at 566 n. 2.

    Here, the Commissioner has satisfied his burden of showing that his position had a

reasonable basis in law and fact.  The question decided by the Court was a close one.  In

particular, the Commissioner made significant arguments that there was substantial evidence in

the record reporting that J.M.'s day-to-day functioning in the domain of interacting and relating

to others was not necessarily marked.  Much of this evidence is summarized in the

Commissioner's brief.  See Defendant's Memorandum of Law in Opposition to Plaintiff's

motion for Attorney's Fees, filed July 20, 2011 (Docket # 24), at 3-6.  While the

Commissioner's position was ultimately unsuccessful, the Court cannot make a finding that it

was unreasonable for the Commissioner to have taken the position.

    Accordingly, the application for attorney's fees (Docket # 21) is denied.

Dated: October 3, 2011
       New York, New York

GABRIEL W. GORENSTEIN
United States Magistrate Judge

2